UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| MARCUS WARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRITISH GOVERNMENT GENERAL, MANCHESTER AIRPORT<br><br>　　　　Defendants. | Case No. 3:21-cv-01195-AR<br><br>ORDER TO AMEND |

ARMISTEAD, Magistrate Judge:

*Introduction*

Plaintiff Marcus Ward ("Ward"), representing himself, filed this lawsuit on August 13, 2021, alleging unspecified claims against two named defendants: the British Government General and Manchester Airport (collectively, "defendants"). (Compl., ECF No. 2). Subsequently, Ward sought leave to proceed *in forma pauperis*, which the court granted. (ECF Nos. 3, 5). The court also conditionally appointed counsel to "advise [Ward] how to serve the

PAGE 1 – ORDER TO AMEND

named defendants and to review the initial complaint," and later expanded that appointment to include "all service-of-process related tasks and expenses." (ECF Nos. 11, 21). Since that initial appointment, Ward has sought and been granted four extensions of time to complete service of process, most recently on March 25, 2022. (ECF Nos. 14, 20, 23, 25).

Upon review, however, the court finds Ward's complaint deficient in several respects, explained in detail below. For this action to proceed, Ward must file an amended complaint curing these deficiencies. Service of process is held in abeyance pending submission and review of Ward's Amended Complaint.

*Background*

Ward alleges that, while attempting to visit friends in the United Kingdom in 2021, he "was denied entry based on false accusations by Manchester Airport staff" and "detained illegally and unlawfully" at the Manchester Airport. (Compl. ¶ 1). He asserts that airport staff "played a shell game" with him by accusing him of "having Covid-19," of "trying to immigrate . . . and bring contraband into the UK," and of not having a friend in the country to visit. (*Id.* ¶¶ 2-5). Ward further alleges airport staff discriminated against him as a Black man by putting him in a "baggage freight area rather than [a] detention area," which he alleges was for "whites only." (*Id.* ¶¶ 7-9). He claims he was denied proper meals and drinks, phone calls to friends, and legal counsel and made to "substantiate how much money he had in the bank," incurring an ATM fee of ten dollars. (*Id.* ¶¶ 8-11). Finally, Ward alleges that airport staff wrongfully "failed to fill out an immigration detention form" and "falsified documents" by saying that he had a driver's license when, in fact, he did not. (*Id.* ¶¶ 16-18). Despite these allegations, Ward neither asserts specific claims against defendants nor indicates the relief he requests.

//

PAGE 2 – ORDER TO AMEND

*Legal Standard*

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, Congress has directed that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperi*s raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims.  If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners").

The court construes the pleadings of self-represented plaintiffs liberally and affords the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam)).

*Discussion*

I.      Lack of Personal Jurisdiction

Personal jurisdiction refers to the court's power to render a judgement that will be enforceable against a defendant. *See Burnham v. Sup. Ct.*, 495 U.S. 604, 609-10 (1990). Whether this court has personal jurisdiction over a defendant is determined by looking to the law of the

PAGE 3 – ORDER TO AMEND

forum state. *Hunt v. Erie Ins. Group*, 728 F.2d 1244, 1246 (9th Cir. 1984); *see* FED. R. CIV. P. 4(k)(1)(A). Under Oregon's "long-arm" statute, a court in this state may exercise personal jurisdiction over an out-of-state defendant in a number of specific fact situations, or when the exercise of jurisdiction over the defendant is not inconsistent with the Due Process Clause of the Constitution of the United States. *See* OR. R. CIV. P. 4(L). To safeguard standards of "fair play and substantial justice," the Due Process Clause requires an out-of-state defendant to have at least "minimum contacts" with the forum state before a court may exercise personal jurisdiction over that defendant. *Hunt*, 728 F.2d at 1246 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Ninth Circuit has adopted a three-part test to determine when a defendant has established minimum contacts with the forum state:

> (1) The nonresident defendant must "purposefully direct" [its] activities toward the forum state or consummate some transaction with the forum by which [it] purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3) exercise of jurisdiction must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004); *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

Ward has alleged no facts in his Complaint which would support the exercise of personal jurisdiction over defendants. The events and conduct alleged in Ward's Complaint take place entirely in a forum—specifically a foreign airport—outside of the United States. Ward must address this deficiency in his amended complaint to avoid dismissal.

//

//

PAGE 4 – ORDER TO AMEND

II.   Lack of Subject Matter Jurisdiction over Foreign State Defendant

Subject matter jurisdiction "refers to a tribunal's power to hear a case." *Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010). A district court must dismiss a complaint *sua sponte* if it determines at any time that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

In general, foreign states are immune from suit in federal court under the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. § 1604 ("[A] foreign state shall be immune from the jurisdiction of the courts of the United States except as provided in sections 1605 to 1607 of this chapter."); *see also Shamoun v. Republic of Iraq*, 441 F. Supp. 3d 976, 988 (C.D. Cal. 2020) ("'A federal court lacks subject matter jurisdiction over a claim against a foreign state unless the claim falls within an exception to immunity under the under the FSIA.'" (Quoting *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 706 (9th Cir. 1992))). The specific exceptions to this immunity are narrow, and most require the underlying injury to be the result of an "activity carried on in the United States by a foreign state." *See* 28 U.S.C. § 1605.

From the information alleged in his Complaint, the precise identity of Ward's first named defendant is somewhat ambiguous; however, the court infers he intends to name as defendant a foreign state. Specifically, because Ward names the "British Government General" as a defendant, lists the Los Angeles address of the British Consulate-General for service of process, and refers to "the UK" throughout the pleadings, the court infers Ward intended to name as defendant the government of the United Kingdom of Great Britain and Northern Ireland (the "United Kingdom").[1]  The United Kingdom is a foreign state, and, therefore, it is generally

---

[1]   The United Kingdom of Great Britain and Northern Ireland is the collective name of four countries: England, Wales, Scotland, and Northern Ireland. In the early 18th century, these countries were united under a single parliament in London, known as the United Kingdom

PAGE 5 – ORDER TO AMEND

immune from the jurisdiction of this court under the FSIA. Thus, in order for this lawsuit to proceed, Ward must allege facts plausibly demonstrating that an exception to the FSIA applies, such that the United Kingdom's immunity is waived for this proceeding. Failure to adequately amend may result in dismissal. *See Carrasco v. Al-Mazrodei*, 252 F. App'x 850, 851 (9th Cir. 2007) (affirming dismissal of tort claim against the United Arab Emirates where the plaintiffs "failed to establish that the tortious activity exception to the FSIA, 28 U.S.C. § 1605(a)(5) applied, and therefore the district court correctly concluded it lacked subject matter jurisdiction over the case").

III.    Improper Venue

Additionally, under 28 U.S.C. § 1391(f), the appropriate venue for a civil action against a foreign state is:

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
>
> (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;
>
> (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or
>
> (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

Ward's Complaint contains no allegations with respect to venue. To survive eventual dismissal, Ward must allege facts plausibly showing venue is proper in this district under the requirements of 28 U.S.C. § 1391(f).

---

Parliament at Westminster through a series of Acts of Union. *See* THE BLUEBOOK, T2.43 (Harvard Law Review Association, 21st ed., 2020).

PAGE 6 – ORDER TO AMEND

IV.    <u>Sufficiency of Pleading</u>

Finally, it is not clear from the Complaint exactly what claims Ward asserts against defendants. Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a *pro se* litigant, the court liberally construes the pleadings and accepts as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires "the plaintiff [to] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Ward recounts some details about his alleged mistreatment by staff at Manchester Airport; however, it is difficult to discern the specific claims he alleges against defendants. To the extent Ward alleges racial discrimination, he does not specify under what source of law he purports to hold a foreign government responsible for this misconduct. Moreover, Ward does not indicate what relief he seeks from this court. Accordingly, Ward is advised that if he files an amended pleading, he must provide a short and plain statement of his claims and specify the grounds for the relief he seeks.

//

//

//


*Conclusion*

Based on the foregoing, Ward is ordered to file an AMENDED COMPLAINT that cures the deficiencies identified above within 30 days of the date of this ORDER. Failure to do so may result in dismissal of this action. The court further ORDERS that service of process is held in abeyance pending submission and review of Ward's Amended Complaint.

DATED April 4, 2022.

_____
JEFFREY ARMISTEAD
United States Magistrate Judge